**Wanda Alexander HOSTON et al., Plaintiffs,**

v.

**Earl SILBERT et al., Defendants.**

Civ. A. No. 79–1267.

United States District Court, D. C. District of Columbia.

May 22, 1981.

David M. Basker, Washington, D. C., for plaintiffs.

Jason D. Kogan, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This matter is before the Court on the motion of the United States and various federal officials to dismiss this action for lack of jurisdiction, for failure to state a claim upon which relief can be granted and because it is barred by the doctrine of *res judicata*. Based on the memoranda submitted and opposition thereto, jurisdiction is lacking and the complaint states no claim that can afford relief to the plaintiffs.

Plaintiffs are the administrator and next friends of the estate of Curtis E. Hoston, whose death on October 27, 1976 is the basis for this action. While Mr. Hoston, as a prisoner, was awaiting his arraignment that day before a judge of the Superior Court of the District of Columbia, he was beaten and, as a result, died. The parties differ as to the cause and surrounding circumstances of Hoston's death, the plaintiffs claiming that he was intentionally murdered by certain of the defendants and the defendants maintaining that Hoston drew a revolver from a Deputy United States Marshal and fired a shot in the courtroom, after which deputy marshals and other officials sought to subdue Hoston and in the process injured him fatally. For purposes of the motion to dismiss, however, the complaint's allegations must be accepted as if they had been proven.

■ Plaintiffs allege as one cause of action that federal prosecutors participated in an attempt to "cover up" the events of October 27, 1976, that they engaged in a conspiracy to prevent the investigation and prosecution of those alleged to have caused Hoston's death, and that the

tentacles of that conspiracy now extend and infiltrate into the Congress & STAFF, the Executive Branch, National security & defense, The Judiciary, The Ensuing Agro-Energy Resource Monopoly, the financial sector, and the media and communications sector.

Complaint at ¶ 4. Referring to this claim as one for "Embracery," plaintiffs not only fail to state a cause of action but also ignore the Court's prior order in this case that dismissed the certain employees of the District of Columbia, and the District itself, as defendants in this action on the ground that plaintiffs cannot recover in a civil action for the alleged conspiracy not to prosecute the individuals who may have been connected with Hoston's death. *See Hoston v. Silbert,* Order (D.D.C. Jan. 9, 1981) at 3. The offense of embracery is based on an attempt to influence improperly a juror, and is not predicated on a failure to prosecute. See 26 Am.Jur.2d at 619–20. Research discloses no embracery statute in the District of Columbia from which a cause of action could be implied, and only one case where civil liability was based on a finding of guilt for embracery. *See Doan's Case,* 5 Pa.Dist. 211. Plaintiffs cannot recover damages from individual prosecutors or from the United States for embracery in the District of Columbia.

■ Additionally, federal prosecutors and the United States are not liable for the failure to prosecute anyone in connection with Hoston's death. 28 U.S.C. § 2680(a) provides that the Federal Tort Claims Act does not apply to

[a]ny claim based upon an act or omission of an employee of the Government . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the

Government, whether or not the discretion involved be abused.

*Id.* The decision of a prosecutor to institute a criminal proceeding is a completely discretionary act. *Powell v. Katzenbach,* 359 F.2d 234 (D.C.Cir.1965). *See also Smith v. United States,* 375 F.2d 243 (5th Cir.), *cert. denied* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967) ("The discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute." *Id.* at 247.)

■ Additionally, prosecutors are immune from liability predicated on a decision not to institute a criminal proceeding. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

As to the pendent common law claims, the plaintiffs concede that their cause of action for wrongful death is barred by the District of Columbia one year statute of limitations. *See* D.C. Code § 16–2702. The other common law allegations in the complaint, difficult as they are to discern, are connected with the failure of federal officials to investigate the circumstances of Hoston's death and to prosecute those responsible.

■ For the plaintiffs to have standing to raise this claim, they must allege either an injury in fact or an infringement onto their zone of interest. *See Association of Data Processing Service Organizations v. Camp,* 397 U.S. 150, 152, 153, 90 S.Ct. 827, 829, 830, 25 L.Ed.2d 184 (1970). That federal prosecutors decided not to prosecute individuals who may have been connected with Hoston's death does not rise to a level of injury in fact to the plaintiffs, and the zone of interest in the proper enforcement of criminal laws belongs to society as a whole, not to the plaintiffs individually. Thus, not only do the plaintiffs fail to state a cause of action for relief entitled "Embracery," but they allege no infringement of their interest sufficient to give them standing.

Although the Federal Tort Claims Act permits individuals to recover damages from the United States for tortious acts committed by an official during the course

**1242**

and in the scope of his employment, plaintiffs allege that defendant Carlisle Burch, a deputy United States marshal, acted "willfully and maliciously in excess of and outside the scope of [his] employment." *See* Complaint ¶ 21. Despite plaintiffs' contention that this statement is for identification purposes only, the complaint reflects throughout the constant theme of the allegations that defendant acted willfully and maliciously when he allegedly murdered Hoston. Moreover, plaintiffs' theory that the phrase in paragraph 21 applies to a negligence cause of action is unsupported, because nowhere does the complaint state a cause of action for negligence.

■ As to defendants Burch and J. Jerome Bullock, the government contends that the complaint is barred by *res judicata* because Judge Barrington D. Parker, on July 28, 1978, entered an order dismissing the complaint in *Hoston v. United States*, No. 78–22, on the grounds that the plaintiffs had not exhausted their administrative remedies and that the statute of limitations barred plaintiffs' claim. Named as individual defendants, among others, were J. Jerome Bullock and Carl Burch, the latter referring to Carlisle Burch, deputy United States marshal. Plaintiffs accurately maintain that the dismissal for failure to exhaust administrative remedies was not on the merits of the claim, but appear to ignore the essential reality that Judge Parker held also that the action was barred by the one year limitation period for wrongful death actions. The instant complaint then is barred by *res judicata*; the plaintiffs have appropriately acknowledged the elimination of the cause of action for wrongful death by the local statute of limitations.

■ Finally, this action was commenced against numerous individuals who have yet to be served, namely George McKinney, J. Stanley Pottinger, Richard Thornburg, and Clarence Kelly. As to those defendants, the action will be dismissed for want of prosecution, two years having passed from the date the complaint was filed.

Accordingly, it is this 22nd day of May, 1981

ORDERED that the defendants' motion to dismiss for failure to state a claim, for lack of subject matter jurisdiction, and because the action barred by *res judicata*, be and it hereby is granted, and that this action is dismissed against all defendants.