Robert George **HEATH**,
**Plaintiff-Appellant,**

v.

James W. **CLEARY**, et al.,
**Defendant-Appellee.**

No. 81–5937.

United States Court of Appeals,
Ninth Circuit.

Argued March 9, 1983.

Decided June 17, 1983.

Robert George Heath, in pro per.

Vera Fisch, Deputy Atty. Gen., Los Angeles, Cal., for defendant-appellee.

Before FLETCHER and NELSON, Circuit Judges, and SOLOMON,* Senior District Judge.

FLETCHER, Circuit Judge:

Robert Heath appeals from the district court's grant of defendants' motion for summary judgment. The district court held that Heath's civil rights action under 42 U.S.C. § 1983 (1976) was barred because Heath failed to exhaust administrative remedies and the issues Heath sought to litigate had previously been adjudicated in a state court proceeding. We note jurisdiction under 28 U.S.C. § 1291 (1976), and reverse.

I

In 1967 Heath was hired as an instructor in the Department of History of the California State University, Northridge (CSUN). After an initial appointment as an assistant professor, Heath was promoted to associate professor and granted tenure in 1972. From 1973 until his termination in 1977, Heath and CSUN engaged in a dispute over teaching requirements, administration of the History Department, salary, sabbatical leave, and academic freedoms. In the fall of 1976 and in the winter of 1977, CSUN instituted disciplinary proceedings against Heath for his failure to teach assigned courses or the full course load assigned him. As a result of these proceedings, CSUN dismissed Heath at the close of the 1977 spring semester.

In December 1976, Heath initiated this action under 42 U.S.C. § 1983 against CSUN administrators and the Trustees of the California State Universities and Col-

---

* Honorable Gus E. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

leges. He complains, *inter alia,* that his criticism of the CSUN administration resulted in several punitive sanctions in retaliation for his exercise of first amendment rights. In particular Heath points to unprofessional conduct charges lodged against him in retaliation for his repeated criticism of summer school assignment policies and for his failure to apologize to members of the History Department for his "disruptive" behavior. He also lists numerous other actions which he alleges were taken in response to the exercise of his first amendment rights.

In April 1977, while this action was pending, Heath filed a Petition for Writ of Mandate in California Superior Court claiming that CSUN owed him salary for the 1976–77 academic year and charging that CSUN wrongfully denied his application for sabbatical leave for the 1977–78 year. The Superior Court denied Heath's petition on the ground that he had failed to exhaust administrative remedies. *Heath v. Trustees of the California State University and Colleges,* No. C 195 172 (Cal.Super.Ct. Aug. 19, 1977). Heath's appeal from that ruling was subsequently dismissed. *Heath v. Trustees of the California State University and Colleges,* No. 80–476 (Cal.Ct.App. May 13, 1981).

In November 1978 the district court granted defendants' motion for summary judgment in Heath's section 1983 suit. On appeal, this court vacated and remanded because the trial court failed to set forth findings of fact and conclusions of law. *Heath v. Cleary,* 642 F.2d 455 (9th Cir.1981) (memorandum). On remand, the defendants once again successfully moved for summary judgment. The district court held that Heath's action was barred because he had failed to exhaust administrative reme-

dies. In addition, the court concluded that the issues Heath raised in his section 1983 suit were identical to those decided in his unsuccessful state court mandamus action, and thus collateral estoppel barred his action.

## II

In concluding that Heath was required to exhaust administrative remedies before bringing his section 1983 action, the district court relied on *Whitner v. Davis,* 410 F.2d 24, 28 (9th Cir.1969), and its progeny.[1] In *Whitner,* this court outlined a limited exception to the general rule that exhaustion is not a predicate to suit under section 1983. We distinguished between retrospective and prospective administrative remedies. *Whitner,* 410 F.2d at 28–29. In the former case exhaustion was not required. In the latter case, however, where the administrative remedy "provided a means of forestalling a threatened future deprivation of civil rights," exhaustion was held a prerequisite to bringing a section 1983 suit. *Id.*

Subsequent to the district court's opinion in this case, the Supreme Court reexamined whether exhaustion of state administrative remedies is a condition precedent to a section 1983 action. *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). In rejecting the Fifth Circuit's "flexible" exhaustion rule, the Court stated clearly that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Id.* 102 S.Ct. at 2568.

■■■ Despite the holding of *Patsy,* defendants argue that the *Whitner* distinction between retrospective and prospective administrative remedies is still good law. We disagree.[2] First, the *Whitner* rule is analo-

---

1. *See Wagle v. Murray,* 546 F.2d 1329, 1332–34 (9th Cir.1976), *vacated and remanded on other grounds,* 431 U.S. 935, 97 S.Ct. 2645, 53 L.Ed.2d 252 (1977); *Jacobs v. Kunes,* 541 F.2d 222, 223–24 (9th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977); *Bignall v. North Idaho College,* 538 F.2d 243, 246 (9th Cir.1976); *Burdeau v. Trustees of the Cal. State Colleges,* 507 F.2d 770, 772 n. 3 (9th

Cir.1974); *Canton v. Spokane School Dist. # 81,* 498 F.2d 840, 844–45 (9th Cir.1974); *Toney v. Reagan,* 467 F.2d 953, 956 (9th Cir.1972), *cert. denied,* 409 U.S. 1130, 93 S.Ct. 951, 35 L.Ed.2d 263 (1973).

2. Normally, we would be bound by the holdings of *Whitner* and its progeny. Where, as here, however, a Supreme Court decision has effectively undermined prior Ninth Circuit prece-

gous to the Fifth Circuit's flexible exhaustion rule, which *Patsy* squarely rejected.[3] Second, in response to the argument that an exhaustion rule would serve various worthwhile policies, including "lessen[ing] the perceived burden that § 1983 actions impose on federal courts," *id.* 102 S.Ct. at 2566, the *Patsy* court emphasized that "legislative not judicial solutions are preferable." *Id.* 102 S.Ct. at 2567. If we were to agree with defendants' argument, we would be crafting a judicial solution contrary to the dictates of *Patsy.* We are, therefore, compelled to agree with Justice Powell that the holding of *Patsy* is "a flat rule without exception." *Id.* 102 S.Ct. at 2577 (Powell, J., dissenting); *see Maurer v. Individually and as Members of Los Angeles County Sheriff's Department,* 691 F.2d 434, 437 (9th Cir.1982). In light of *Patsy,* the district court erred in granting defendants' motion for summary judgment on the ground that Heath had failed to exhaust administrative remedies.

### III

■ As an alternative ground for granting defendants' motion for summary judgment, the district court concluded that Heath was collaterally estopped from raising the issues in the instant action because they are identical to those decided by the California Superior Court in denying his Petition for Writ of Mandate. We conclude that collateral estoppel does not defeat Heath's action, and thus summary judgment on this ground also was improper.

In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court held that the rules of res judicata and collateral estoppel apply in section 1983 actions, and thus a federal court must give preclusive effect to state court judgments involving the same issues or causes of action. *Id.* at 96–97, 101 S.Ct. at 416. To determine whether to give preclusive effect to a state court decision, both in terms of collateral estoppel and res judicata, we look to the law of the state in question. *See* 28 U.S.C. § 1738 (1976); *Miofsky v. Superior Court,* 703 F.2d 332, 336 (9th Cir.1983); *Neale v. Goldberg,* 525 F.2d 332, 332 (9th Cir.1975); *Winters v. Lavine,* 574 F.2d 46, 54 (2d Cir.1978).

California follows the general rule that a party is collaterally estopped from raising an issue in a subsequent litigation only when the issue was necessarily decided in a prior litigation. *See Perez v. City of Bruno,* 27 Cal.3d 875, 883, 616 P.2d 1287, 1291, 168 Cal.Rptr. 114, 118 (1980). Here the California Superior Court denied Heath's petition for writ of mandate on the sole ground that he had failed to exhaust administrative remedies. The court did not rule on his substantive claims that CSUN owed him salary and sabbatical leave. Thus the only issue necessarily decided by the court was the propriety of granting mandamus relief in light of Heath's failure to pursue administrative remedies.

Heath does not argue that he was entitled to mandamus relief or that he could not raise his salary and sabbatical claims in administrative proceedings. Rather, he ar-

dent, we are free to reexamine those earlier cases to determine their continuing validity. *Le Vick v. Skaggs Cos., Inc.,* 701 F.2d 777, 778 (9th Cir.1983).

This court has previously indicated that the Supreme Court had not approved or disapproved of the *Whitner* exhaustion rule. *See Wagle v. Murray,* 546 F.2d 1329, 1332 n. 10 (9th Cir.1976), *vacated and remanded on other grounds,* 431 U.S. 935, 97 S.Ct. 2645, 53 L.Ed.2d 252 (1977); *Canton v. Spokane School Dist. # 81,* 498 F.2d 840, 844 (9th Cir.1976). We now recognize, however, that *Patsy* effectively overrules the *Whitner* exhaustion rule.

**3.** In *Patsy v. Florida Int'l Univ.,* 634 F.2d 900 (5th Cir.1981) (en banc), *rev'd sub nom. Patsy*

*v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Fifth Circuit held that "adequate and appropriate state administrative remedies must be exhausted before a section 1983 action is permitted to proceed in federal court." *Id.* at 912. The Fifth Circuit concluded that before requiring exhaustion a court should consider, *inter alia,* the interests that plaintiff is seeking to protect and the value of the exhaustion doctrine relative to those interests. *Id.* at 913. The *Whitner* rule embodies these considerations by requiring exhaustion only when administrative remedies will be most beneficial to the plaintiff. *Whitner,* 410 F.2d at 28–29.

gues that a course of conduct pursued by CSUN officials deprived him of constitutionally protected rights, and that one aspect of the damage flowing from this conduct was a loss of salary and sabbatical leave. Because the issues Heath raises have not previously been decided, he is not collaterally estopped from raising them.[4]

REVERSED.

---

**4.** Although neither the district court nor defendants raise the issue, we note that the prior state court decision also does not bar this action under the principle of res judicata. In California a decision on the merits in a mandamus proceeding "is conclusive not only as to issues raised but also as to those which could have been raised." *Caminetti v. Board of Trustees of Jackson Union High School,* 1 Cal.2d 354, 356, 34 P.2d 1021, 1022 (1934). Although we have been unable to find a California case on point, it appears that California courts would conclude that a denial of a writ of mandamus for failure to exhaust administrative remedies is not a decision on the merits. *Cf. Perez v. City of San Bruno,* 27 Cal.3d 875, 882–83, 616 P.2d 1287, 1290, 168 Cal.Rptr. 114, 117 (1980) (dismissal on ground of prematurity is not decision on the merits for res judicata purposes). This is the rule in other states. *See, e.g., Porter v. Nossen,* 360 F.Supp. 527, 530–31 (M.D.Pa.1975) (interpreting Pennsylvania law), *aff'd mem.,* 511 F.2d 1395 (3d Cir. 1975); *Kaufman v. Pima Junior College,* 16 Ariz.App. 152, 155, 492 P.2d 32, 35 (1971); *see generally* Restatement (Second) of Judgments § 20(2) & reporter's note (1980). This is also consistent with the federal rule that the dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits. *See Bland v. Connally,* 293 F.2d 852, 855 (D.C.Cir.1961); *Hoston v. Silbert,* 514 F.Supp. 1239, 1242 (D.D.C.1981), *reversed on other grounds,* 681 F.2d 876 (D.C.Cir.1982); *Price v. United States,* 466 F.Supp. 315, 316 (E.D.Pa.1979); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4436 at 345 (1981); *cf. Segal v. American Tel. & Tel. Co.,* 606 F.2d 842, 844–45 (9th Cir.1979) (dismissal based on primary jurisdiction doctrine does not bar subsequent action); *Fujii v. Dulles,* 259 F.2d 866, 867–68 (9th Cir.1958) (dismissal for failure to allege prior adverse administrative action does not bar subsequent action). Therefore, res judicata does not bar this action.