**Philip W. McCLURE, Plaintiff,**

**v.**

**Anthony SANTOS, individually and in his official capacity as Hearings Officer at the Oregon Penitentiary, and R. Beckwith, individually and in his official capacity as Correctional Officer of the Oregon State Penitentiary, Defendants.**

**Civ. No. 86–6568MA.**

United States District Court,
D. Oregon.

Sept. 21, 1987.

OPINION

MARSH, Judge.

Plaintiff is an inmate at the Oregon State Penitentiary (OSP). On August 15, 1983, he was charged with violating Rule 9, Disrespect to Another.[1] Disciplinary proceedings were held regarding this charge on August 19, 1983, and August 29, 1983. The result of those proceedings was to sanction plaintiff by placing him in disciplinary segregation for nineteen days. Plaintiff appealed this decision to the Oregon Court of Appeals. The court affirmed the sanction without opinion. *McClure v. Oregon State Penitentiary*, 67 Or.App. 536,

---

1. Rule 9 (OAR 291–105–015(9)) provides:
   No inmate shall direct hostile, abusive, or threatening ... language or gestures toward another person.

678 P.2d 782, *rev. denied* 297 Or. 228, 683 P.2d 91 (1984). Plaintiff subsequently filed this § 1983 action, contending that his fourteenth amendment right to due process was violated in the disciplinary proceeding. He contends that the finding that he made an abusive and derogatory comment to defendant Beckwith, a correctional officer at OSP, is unconstitutional because (1) there is insufficient evidence to support such a finding; (2) the misconduct report contains a false sworn statement by defendant Beckwith; and (3) the decision itself does not sufficiently set forth the basis for its holding.

Plaintiff moves for summary judgment, contending that there is no genuine issue of material fact as to whether defendants violated his right to due process. Defendants also move for summary judgment contending, *inter alia*, that all the issues of fact in this action are barred from relitigation by the doctrine of collateral estoppel. Defendants contend that the factual issues have been conclusively determined in the prior state court proceeding and that there are no factors which prohibit the use of collateral estoppel in this case.

## STANDARDS

Jurisdiction over this matter is exercised pursuant to 28 U.S.C. § 1331. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Securities and Exchange Commission v. Murphy*, 626 F.2d 633, 640 (9th Cir.1980). All reasonable doubt as to the existence of an issue of fact is resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976).

## COLLATERAL ESTOPPEL

In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the United States Supreme Court held that the rules of *res judicata* and collateral estoppel apply in section 1983 actions. *See also Heath v. Cleary*, 708 F.2d 1376, 1379 (9th Cir.

1983); 28 U.S.C. § 1738 (1987). The *Allen* Court noted that when a state court has adjudicated an issue, these doctrines serve to "not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." 449 U.S. at 96, 101 S.Ct. at 415. To determine whether to give preclusive effect to a state court decision, both in terms of collateral estoppel and *res judicata*, this court must look to the law of the state in question. *Heath v. Cleary*, 708 F.2d at 1379; 28 U.S.C. § 1738 (1987).

Oregon law provides that collateral estoppel "is a term which describes these results: When an issue of ultimate fact has been determined by a valid and final judgment, that determination also settles the same issue in another action (a) between the same parties on a different claim, and (b) against persons who are so closely identified with a party that they are said to be 'in privity' with parties to the earlier civil action." *State Farm Fire & Casualty v. Reuter*, 299 Or. 155, 700 P.2d 236 (1985). Thus, under Oregon law the initial inquiry in deciding whether to apply collateral estoppel is whether the issues are identical and whether the particular issue was actually decided. *In re Jordan*, 295 Or. 142, 149, 665 P.2d 341 (1983). If the issues are identical and the particular issue was actually decided, the doctrine of collateral estoppel will preclude relitigation of the issue if the party was given a full, complete, and fair opportunity to litigate the issue upon which his rights depend. *E.g., Bahler v. Fletcher*, 257 Or. 1, 6, 474 P.2d 329 (1970).

I find no Oregon caselaw, however, addressing the question of whether an issue determined by a state appellate court exercising its power of administrative review, and therfore not applying *de novo* review, should be given preclusive effect in a subsequent action. *See* ORS 183.482(7) (1985). The United States Supreme Court, on the other hand, has held that "it is well established that judicial affirmance of an administrative determination is entitled to preclusive effect." *Kremer v. Chemical Con-*

*struction Corp.*, 456 U.S. 461, 480 n. 21, 102 S.Ct. 1883, 1896 n. 21, 72 L.Ed.2d 262 (1981); *see also Sykes v. McDowell*, 786 F.2d 1098 (11th Cir.1986); *Gahr v. Trammel*, 796 F.2d 1063 (8th Cir.1986). The *Kremer* Court noted that "there is no requirement that judicial review must proceed *de novo* if it is to be preclusive." Accordingly, I conclude that if the Oregon Supreme Court were to address this question, it would follow the ruling of the United States Supreme Court and conclude that a judicial affirmance of an administrative determination may be given preclusive effect in a subsequent proceeding.

### 1. *Identity of Issues*

In the state court administrative review proceeding, plaintiff claimed that the hearings officer's finding that plaintiff violated Rule 9 was not supported by substantial evidence. He argued that there was insufficient evidence to hold otherwise because (1) there were a number of inmates in the area where defendant Beckwith heard the voice coming from; and (2) defendant Beckwith admitted in the course of the investigation that he did not see plaintiff make the comment. The court of appeals affirmed the hearings officer's decision and the Oregon Supreme Court denied review.

In this case, plaintiff alleges that his constitutional rights were violated because the hearings officer's finding did not comply with the Oregon Administrative Rules. He contends that under those rules, the hearings officer should have considered the evidence to be insufficient to warrant a finding of the violation of Rule 9 and should have recommended a dismissal of the misconduct charge. He claims that defendant Beckwith failed to comply with the Oregon Administrative Rules by filing a misconduct report against the plaintiff notwithstanding the fact that Beckwith did not see plaintiff make the alleged disrespectful statement. These contentions are identical to the issues raised in state court. Moreover, the issues were necessarily determined in the state administrative review proceeding because the Oregon Court of Appeals could only affirm the hearings officer's decision if there was substantial evi-

dence supporting his finding. *See* ORS 183.482(8)(c) (1985).

### 2. *Full and Fair Opportunity to Litigate*

Plaintiff argues that collateral estoppel is inapplicable in the present case because he was denied the right to supplement the Oregon Court of Appeals record with (1) an interview request form sent to OSP Superintendent H.C. Cupp; (2) a memorandum dated September 27, 1983, by M. Hathaway, an OSP Investigator which was sent to Cupp; and (3) affidavits by Inmates Larry Nelson and Kenneth McKenzie. Plaintiff notes that he requested that his attorney supplement the appellate record and that he failed to do so. When plaintiff attempted to supplement the record by filing his own motion, his request was denied.

When determining whether a party received a full and fair opportunity to litigate an issue for purposes of collateral estoppel, the inquiry is whether the minimum due process requirements guaranteed by the Fourteenth Amendment are satisfied. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The *Kremer* Court explained this inquiry in the following manner:

> Our previous decisions have not specified the source or defined the content of the requirement that the first adjudication offer a full and fair opportunity to litigate. But for present purposes, where we are bound by the statutory directive of § 1738, state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law. It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken. As we recently noted in *Allen v. McCurry, supra,* "though the federal courts may look to the common

law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."

456 U.S. at 481–82, 102 S.Ct. at 1897–98 (citations omitted).

Plaintiff's only contention which could form the basis of a due process violation is his objection to his attorney's failure to supplement the appellate record.

The Constitution guarantees a fair trial through the due process clause, but the Supreme Court has noted that "it defines the basic elements of a fair trial largely through the provisions of the Sixth Amendment," including the right to counsel clause. *Strickland v. Washington,* 466 U.S. 668, 684–85, 104 S.Ct. 2052, 2062–63, 80 L.Ed.2d 674 (1984). Both the Oregon Supreme Court and the United States Supreme Court have addressed what constitutes ineffective assistance of counsel.

In *Krummacher v. Gierloff,* 290 Or. 867, 627 P.2d 458 (1981), the court stated that the constitutionally requisite degree of assistance of counsel must necessarily be general and that a degree of subjectivity in application cannot be avoided. 290 Or. at 873, 627 P.2d 458. The court noted that "the constitution gives no defendant the right to a perfect defense" and that "adequacy of assistance of counsel allows for errors which are inconsequential in the context of the entire trial or proceeding." *Id.* at 875, 627 P.2d 458. Similarly, in *Strickland v. Washington,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), the United States Supreme Court stated that "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. 467 U.S. at 691, 104 S.Ct. at 2066. The Court explained that the guarantee of counsel "is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 691–92, 104 S.Ct. at 2066–67. The Court concluded that the proper test is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. Of particular importance, the *Strickland* Court noted that "the governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's errors." *Id.* at 695, 104 S.Ct. at 2069.

In this case, the legal standard applicable was whether the hearings officer's decision was supported by reliable, probative and substantial evidence in the record as a whole. *E.g., Bonney v. Oregon State Penitentiary,* 16 Or.App. 509, 523, 519 P.2d 383, *aff'd.* 270 Or. 79, 526 P.2d 1020 (1974). Thus, the question is whether absent the error, there is a reasonable probability that the court of appeals would have concluded that there was insufficient evidence to support the hearings officer's decision. After reviewing the disciplinary proceeding record, I conclude that there is no such reasonable probability.

The disciplinary proceeding record contains the written statements of two correctional officers. Defendant Beckwith states that although he did not see plaintiff make the disrespectful comment, plaintiff and Inmate Larry Nelson were the only persons in the area. He states that he is familiar with Inmate Nelson's voice. Lieutenant Myers confirms that there were only two inmates in the area when the comment was made.

The evidence which plaintiff contends should have been added to the appellate record includes an interview request, an investigation report and two affidavits. The interview request contains nothing more than allegations by McClure that the hearings officer's decision is not supported by substantial evidence. The investigation report contains statements by McClure objecting to the hearings officer's finding and a statement by Inmate Jerry Sims that he was in the area when the disrespectful

comment was made. The first affidavit is by Inmate Nelson who states that (1) he did not hear plaintiff make any disrespectful comment; (2) he had never spoken to defendant Beckwith prior to the incident; and (3) that inmate Kenneth McKenzie was in the area when the alleged comment was made. The second affidavit is by Inmate McKenzie. He states that he was in the area when the alleged comment was made and that he did not hear plaintiff make any disrespectful comment.

This additional evidence is relevant and probative to the issue of whether plaintiff violated Rule 9 by making a disrespectful comment. However, it is not reasonably probable that it would have affected the outcome of the appellate proceeding in light of the court's limited scope of review. The hearings officer's decision is supported by the written statement of two correctional officers. In *Bonney v. Oregon State Penitentiary,* the court held that the written reports of two penitentiary employees is sufficient evidence to support a disciplinary committee decision. 16 Or.App. at 523, 519 P.2d 383. There is no basis for concluding that the supplemental evidence would dictate a different result in the present case. Although the additional evidence contradicts the officers' statements, what is involved is a question of credibility. The additional evidence does not diminish the reliability of the officers' statement to such a degree that they no longer constitute substantial evidence. Accordingly, I conclude that plaintiff's attorney's failure to supplement the record with this evidence did not deny plaintiff of effective assistance of counsel and did not result in denying plaintiff the minimum guarantees of the due process clause of the Fourteenth Amendment. Thus, plaintiff's argument that he did not receive a full and fair opportunity to litigate in the state court lacks merit and the doctrine of collateral estoppel is applicable so as to preclude relitigation of whether the hearings officer's decision is supported by substantial evidence and whether defendant Beckwith's misconduct report contains a false sworn statement.

Finally, in plaintiff's response to defendant's Motion For Summary Judgment, he raised the argument that the hearings officer's decision is unconstitutional because it fails to summarize the evidence relied upon and fails to indicate why one witness was believed over another. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), sets forth the procedural requirements for prison disciplinary proceedings. One such requirement is that there be a written statement by the factfinders of the evidence relied upon and the reasons for the disciplinary action taken. The decision in the present case satisfies this requirement. The hearings officer sets forth in his finding that defendant Beckwith heard the disrespectful comment, that Inmates McClure and Nelson were in the vicinity where the statement was made with no other inmate within 30 feet. He concluded that based on the totality of the information presented, it is reasonable to conclude that plaintiff did in fact make the abusive statement. Contrary to plaintiff's assertion, the hearings officer did not have to also specifically state why he found plaintiff's version of the facts less credible.

Accordingly, plaintiff's Motion For Summary Judgment # 4 is denied. Defendant's Motion For Summary Judgment # 14 is granted.