LEAVY, Circuit Judge,
dissenting in part.
The majority makes two errors.
1. First, the district court never ruled upon the defendants’ motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. See Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001) (the bare requirements of notice pleading govern review of the legal sufficiency of plaintiffs complaint). According to the allegations in the complaint, a female Arizona State University Polytechnic (ASU) student alleged that she was sexually assaulted in Quade’s room at his on-campus residence on October 19, 2013. The female student said that she “blacked out” due to consuming several vodka drinks after the start of the ASU football game that she attended with Quade earlier that afternoon. Matthew Parker, a detective employed by the ASU Police Department, investigated the allegation and interviewed both Quade and the female student. Quade told Detective Parker that both he and the female student were intoxicated on October 19, 2013, but the female student was not passed out and the sexual activity was consensual. Detective Parker discovered several phone texts between the female student and Quade dated October 21, 2013 (two days after the alleged assault) wherein the female student initiated contact and texted Quade about wanting to come over to his room to work on physics class homework with Quade. The ASU Police Department closed the case against Quade because there was no likelihood of conviction. The university nevertheless charged Quade with sexual assault and suspended Quade from the university for twelve months. Quade retained counsel and appealed the suspension by requesting a hearing before a university hearing board. When Quade, his counsel, and his witness arrived at the hearing, he was told that either he or his counsel could speak, but not both, and that his witness, the ASU detective who investigated the incident, was not allowed to testify because he no longer worked for ASU. Quade left the hearing before it began. Quade alleged there was “no hearing” because he was deprived of his right to counsel, his right to testify on his own behalf, and his right to present evidence.
Rather than first deciding whether Quade’s complaint stated a claim for relief, the majority proceeded to analyze the pre-clusive effect of the university’s final administrative decision. Notably, all of the cases cited by the majority for the preclu-sive effect of administrative decisions were decided upon summary judgment, after development of the record, and not upon a motion to dismiss for failure to state a claim. None of the cited cases involve the denial of a plaintiffs opportunity to speak *627 and present evidence at the administrative level. Quade plausibly alleged a denial of his basic due process rights in a state administrative hearing. Dismissal of Quade’s complaint at the outset for the reason of claim preclusion is both premature and unprecedented.
2. Second, neither the district court nor this court independently determined whether the state university provided Quade an “adequate opportunity to litigate” at the administrative level. Administrative decisions may be entitled to preclu-sive effect in a subsequent section 1988 action “when a state agency acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.” University of Tennessee v. Elliott, 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 636 (1986) (quoting United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)); see also Misischia v. Pirie, 60 F.3d 626, 629 (9th Cir. 1995) (stating that to have preclusive effect in federal court, the state administrative determination must satisfy the Utah Construction fairness requirements). If the fairness requirements are not met, then a federal court will not accord the administrative decision preclusive effect. See Miller v. Cty. of Santa Cruz, 39 F.3d 1030, 1038 (9th Cir. 1994) (stating that preclusive effect will be denied “when the parties lacked an adequate opportunity to litigate an issue, or when some other aspect of due process, the ‘full and fair opportunity to litigate, is missing”) (internal citations omitted).
Under Arizona law, claim preclusion may be applied to administrative decisions that meet the Utah Construction fairness requirements. See Hawkins v. State Dept. of Economic Sec., 183 Ariz. 100, 900 P.2d 1236, 1240 (1995); Campbell v. Superior Court, 18 Ariz.App. 287, 501 P.2d 463, 466 (1972) (quoting Utah Const. 384 U.S. at 422, 86 S.Ct. 1545). Before an Arizona administrative decision is given preclusive effect in federal court, “the federal district court must independently assess the adequacy of the state’s administrative forum.” Olson v. Morris, 188 F.3d 1083, 1086 (9th Cir. 1999). In Plaine v. McCabe, 797 F.2d 713, 719 (1986), we discussed requirement that the federal court carefully review the safeguards in a state administrative proceeding:
“Thus, the threshold inquiry for a court deciding whether to give preclusive effect to a state administrative adjudication, is to determine whether the state administrative proceeding was conducted with sufficient safeguards to be equated with a state court judgment... However, there can be no indiscriminate presumption of judicial adequacy of state administrative proceedings. The federal court must carefully review the state administrative proceeding to ensure that, at a minimum, it meets the state’s own criteria necessary to require a court of that state to give preclusive effect to the state agency’s decisions. To do otherwise would run the risk of precluding relitigation of issues by parties who have had no fair opportunity to be heard.”
Before we accorded preclusive effect to an Arizona administrative decision in Olson, we first examined the fairness of the state administrative proceeding. We determined the plaintiff knew that he was entitled to counsel and was able to “mount a factual defense.” Olson, 188 F.3d at 1086. We concluded “that the state administrative process here comported with the requirements of Utah Construction.” Id. Having first determined in Olson that the state administrative process met the Utah Construction fairness requirements, we held that, although the plaintiff could have, *628 but did not, appeal to the state court, the doctrine of res judicata barred plaintiff from relitigating the final administrative decision in a subsequent section 1983 action. Id.
The majority correctly states that a losing plaintiff cannot avoid or obstruct the preclusive effect of an administrative decision by failing to raise issues or defenses at either the administrative hearing or on appeal to the state court. See, e.g., Misischia, 60 F.3d at 630. But preclusive effect should never be accorded to an administrative ' adjudication that, upon an independent federal examination, fails to meet the Utah Construction fairness requirements. See Miller, 39 F.3d at 1038 (stating that preclusive effect may be given to an administrative decision where “the agency adjudication meets the requirements of due process, and de novo judicial review is available”) (emphasis added); see also Misischia, 60 F.3d 626 (determining that Utah Construction’s fairness standards were met “at all levels of the administrative process”).
Here, Quade alleges he was deprived his right to counsel, prevented from presenting his main evidence, and prevented from speaking on his own behalf at the university’s hearing. The majority concludes that, notwithstanding the allegations of serious due process infirmities in the university’s hearing procedures, “the available judicial review provided by Arizona law, the state forum as a whole” provided the parties an “adequate opportunity to litigate.” (The district court similarly concluded that Quade’s section 1983 due process claims were precluded because the university’s decision was “just, reasonable and lawful on account of Plaintiffs failure to appeal it in state court.”). In other words, the majority holds that the mere availability of state court judicial review satisfies any concerns regarding the “adequate opportunity to litigate” at the administrative level. Exhaustion of state judicial review remedies, however, is not a prerequisite to a federal action under section 1983. See Heath v. Cleary, 708 F.2d 1376, 1379 (9th Cir. 1983).[1] “Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.” Montana v. United States, 440 U.S. 147, 164 n.11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).
In sum, because the district court failed to rule in the first instance on defendants’ motion to dismiss for failure to state a claim, and because the court accorded pre-clusive effect to the university’s decision without first determining whether the university’s hearing satisfied the Utah Construction fairness requirements, I would vacate the judgment of the district court and remand for further proceedings on Quade’s section 1983 due process claims.[2] Any student suspended from a state university following a potentially specious charge of sexual misconduct should be afforded sufficient due process protections in this important subject matter of campus sexual assault.

. Courts recognize a specific, limited exhaustion requirement in 42 U.S.C. § 1997e for prisoners bringing actions pursuant to section 1983. Patsy v. Board of Regents, 457 U.S. 496, 511-12, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

. I agree with the majority’s conclusions regarding Quade’s state law claims.