NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARLEY DREW HARDMAN, | No. 23-3664 |
| Petitioner - Appellant, | D.C. No. 2:22-cv-07787-ADS |
| v. | |
| BRYAN BIRKHOLZ, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Autumn D. Spaeth, Magistrate Judge, Presiding

Submitted December 4, 2025**
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER, District Judge.***

Petitioner Parley Hardman appeals from the district court's final judgment

dismissing without prejudice his 28 U.S.C. § 2241 petition for a writ of habeas

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously ordered that this case be submitted on the briefs and record without oral argument. *See* Dkt. No. 71; Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

corpus. We conclude that the district court lacked jurisdiction over this petition and thus have "jurisdiction on appeal . . . merely for the purpose of correcting the error of the lower court in entertaining the suit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (internal quotation marks and citation omitted).

In 2004, Petitioner was convicted in the Middle District of Tennessee of several crimes, the details of which are not relevant here. The judgment of conviction imposed a fine of $17,500 payable "immediately" and further provided: "Should there be an unpaid balance upon the commencement of the term of supervised release, payments may be made in regular monthly installments" in a given amount. The Sixth Circuit rejected Petitioner's argument that the "immediately" aspect of the fine in the written judgment is inconsistent with the sentencing judge's oral pronouncement that the fine "will be paid" in monthly installments upon release from prison. *United States v. Hardman*, No. 17-06114, 2018 WL 11303418 (6th Cir. July 31, 2018) (unpublished).

In 2022, Petitioner brought this habeas action in the Central District of California, where he is confined. He alleged that the Bureau of Prisons (BOP) is requiring him to make payments toward his fine while in prison. Attachments to the petition reference the Inmate Financial Responsibility Program. That program requires federal inmates to commit a portion of their prison earnings or other resources to the payment of fines or face specified consequences for

nonparticipation. 28 C.F.R. § 545.11(a)(3), (b), (d).

The habeas petition presented two challenges to BOP's requirement of fine payments. First, Petitioner alleged that his conviction is invalid for several reasons, such as falsified evidence and issues with his appointed counsel. Second, Petitioner alleged that the sentencing court "erroneously imposed a conflicting sentence from the [one] pronounced orally at the sentencing hearing," in that the written judgment made his fine payable immediately.

The district court granted the government's motion to dismiss for a failure to exhaust administrative remedies. The district court thus entered a final judgment dismissing the case without prejudice.

We affirm the district court's judgment, but we do so on the alternative ground of a lack of statutory jurisdiction. *See Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011) ("We may affirm the district court on any ground supported by the record."). A "federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotation marks and citation omitted). Although an exhaustion requirement can be one such ground, the "statutory elements . . . of jurisdiction are an essential ingredient . . . restraining the courts from acting at certain times." *Steel Co.*, 523 U.S. at 101; *see also Heath v. Cleary*, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983) ("dismissal of an action on the

ground of failure to exhaust administrative remedies is not on the merits").

The district court lacked statutory jurisdiction over the habeas petition here because a challenge to the validity of a conviction or sentence must be brought under 28 U.S.C. § 2255 in the district of sentencing. 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 956, 958 (9th Cir. 2008). A habeas petition under 28 U.S.C. § 2241 is the correct vehicle to challenge BOP's implementation of a sentence but only when that challenge does not attack the validity of the sentence itself. *Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (explaining that "§ 2255(e) does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*"). Section 2255(e) denies jurisdiction over this habeas petition because the petition does not allege that BOP is administering a lawful sentence in an unlawful way. Rather, it alleges that BOP lacks authority to require payments of the criminal fine because the district court wrongly convicted Petitioner and wrongly imposed a fine payable immediately. That claim is not cognizable under § 2241.

Dismissal without prejudice is the appropriate consequence of the lack of statutory jurisdiction here. Under 28 U.S.C. § 1631, we must consider whether "it is in the interest of justice" to transfer this action to another court in which it could have originally been brought. That decision allows us to consider the merits of the appeal. *See Rodriguez-Roman v. INS*, 98 F.3d 416, 424 (9th Cir. 1996) (noting that

a court lacking jurisdiction may "decline to transfer if the petition or appeal is frivolous"); *Clark v. Busey*, 959 F.2d 808, 814 (9th Cir. 1992) ("Where no colorable claim for relief has been shown, transfer is improper."). Petitioner's appeal exclusively concerns financial penalties, and his claim that the sentencing court did not validly require immediate payment does not justify transfer because the Sixth Circuit has already considered and rejected that argument. Moreover, Petitioner's prior litigation in the Sixth Circuit negates the possibility that Petitioner lacks knowledge of the proper forum for his current attempt to relitigate the same issue. *See Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006) ("Thus, this case is unlike the usual case in which we have found a transfer to be in the interest of justice because the litigant was unaware of or confused about the proper forum in which to file his action."). We thus affirm the district court's judgment dismissing the habeas petition without prejudice. *E.g.*, *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (holding, where § 2255(e) applied to deny jurisdiction over the habeas petition, "the district court did not err by dismissing Moore's § 2241 petition").

**AFFIRMED**.[1]

---

[1]     In light of this disposition, any pending motion is denied as moot.