Appellant, defendant below, prosecutes two appeals in this cause, wherein respondent, complainant below, by his bill, sought reformation of his contract for services with defendant, as its eastern division manager, and for an accounting thereunder, after his suit at law on that contract for his alleged commissions had resulted in favor of defendant. *Page 543 
One appeal is from an interlocutory order (April 1st, 1943), overruling a part of defendant's answer in lieu of plea. By this order Vice-Chancellor Bigelow concluded, inter alia, that complainant in his law action "ratified the contract" which he "sought to be reformed" in so far as it limited him to "1% commission on net sales in excess of net sales for the year 1938," and "abandoned" any right to have it reformed in that respect to read 3%, therefore, the plea in lieu of answer was good to that extent; and he further concluded that the judgment in the action at law did not, under the circumstances, preclude complainant from seeking, as he did, reformation "with respect to the period of time during which the commission on sales would accrue."
The interlocutory order appealed from will be affirmed, with costs, for the reasons stated in the opinion filed in the Court of Chancery by Vice-Chancellor Bigelow and reported in 133 N.J. Eq. 87; 30 Atl. Rep. 2d 585.
The second appeal is from the final decree under date of June 15th, 1943. By this decree, the same Vice-Chancellor concluded that the contract did not, because of "mutual mistake," express the real intention of the parties. And in order to set forth the true meaning and intent of the parties to their contract he reformed paragraphs two and four thereof to read "that the commission therein mentioned be payable as long as complainant [was] in the employ of defendant," and, on the "basis of the [contract] as established by the court," fixed the amount due and owing complainant from defendant at the agreed sum of $9,422 plus interest and costs.
We have carefully examined all points argued by appellant and find them to be without merit. The proofs and the law applicable thereto, in our opinion, fully support the challenged decree which will be affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, DILL, JJ. 12.
 For reversal — CASE, COLIE, JJ. 2. *Page 544