LOUIS ZELTNER, JAMES MOSES, JOHN BUCK AND ANTHONY CONDONE, APPELLANTS, v. NEW JERSEY DEPARTMENT OF CORRECTIONS, AND WILLIAM H. FAUVER, COMMISSIONER, DEPARTMENT OF CORRECTIONS, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 24, 1985—Decided May 14, 1985.

Before Judges MATTHEWS, FURMAN and HAVEY.

*Lance D. Cassak,* Deputy Public Defender, argued the cause for appellants *(Joseph H. Rodriguez,* Public Defender, attorney; *Lance D. Cassak* and *T. Gary Mitchell,* Deputy Public Defender, of counsel).

*William Harla,* Deputy Attorney General, argued the cause for respondents *(Irwin I. Kimmelman,* Attorney General, attorney; *Deborah T. Poritz,* Deputy Attorney General, of counsel).

PER CURIAM.

At issue on this appeal is the applicability of the Administrative Procedure Act (APA), *N.J.S.A.* 52:14B–1 *et seq.,* and of *L.* 1985, *c.* 94, effective March 26, 1985, in prison disciplinary proceedings. An amendment to *N.J.S.A.* 52:14F–8, *L.*1985, *c.* 94 in pertinent part adds State penal and correctional institutions to the listing of agencies excepted, in minor disciplinary cases, from jurisdiction of administrative law judges within the Office of Administrative Law:

> Unless a specific request is made by the agency, no administrative law judge shall be assigned by the director to hear contested cases with respect to:
>
> a. The State Board of Parole; the Public Employment Relations Commission; The Division of Workers' Compensation; the Division of Tax Appeals; or the management or operation by any agency of a State custodial, penal or correctional institution or program, insofar as the acts of the agency relate to the internal affairs of the institution or program unless the sanctions arising from a single incident involve the loss of 365 days or more of time credits awarded pursuant to *R.S.* 30:4–140.

The four appellants were all found guilty of prison infractions after disciplinary hearings. Condone and Zeltner received sanctions including 365 days' loss of commutation credits under *N.J.S.A.* 30:4–140, Moses and Buck sanctions including 90 days' loss of commutation credits. We denied Zeltner's prior motion for leave to appeal, upon the Attorney General's concurrence in a new hearing for Zeltner. On this appeal, all four appellants contend that they are entitled to contested case hearings before an administrative law judge under *L.*1985, *c.* 94. Condone, Moses and Buck also contend that they were deprived of

procedural safeguards of the APA to which they were entitled in their prison disciplinary hearings.

As enacted, *L.*1968, *c.* 410, the APA excepted State penal and correctional institutions in administering their internal affairs from the definition in *N.J.S.A.* 52:14B–2(a) of "State agency" subject to the act. That exception was deleted by *L.*1981, *c.* 27. Meanwhile, the Office of Administrative Law was established pursuant to *N.J.S.A.* 52:14F–1 *et seq., L.*1978, *c.* 67. *N.J.S.A.* 52:14F–8 provided for assignment of contested State agency cases, as defined in *N.J.S.A.* 52:14B–2(b), to administrative law judges. The definition excluded prison disciplinary hearings because, prior to *L.*1981, *c.* 27, penal or correctional institutions were not State agencies within the APA. As recognized in *Avant v. Clifford,* 67 *N.J.* 496 (1975), the APA and its procedural safeguards did not apply between 1968 and 1981 in prison disciplinary proceedings. Whether they applied thereafter and, if so, the effect of *L.*1985, *c.* 94 must be resolved.

On this appeal both sides agree that the new enactment, *L.*1985, *c.* 94, provides a right to a contested case hearing before an administrative law judge upon imposition of the sanction of 365 days' loss of commutation credits in a prison disciplinary proceeding. We agree. Accordingly, we hold that Condone, who in fact received that sanction, has the right to proceed before an administrative law judge in a contested case hearing. We also hold that under the particular circumstance that the sanction of 365 days' loss of commutation credits was imposed upon Zeltner, although subsequently vacated, he, too, is entitled to a contested case hearing before an administrative law judge; the offense charged against him necessarily involves the potential loss of 365 days of time credits, within the express terms of *L.*1985, *c.* 94. In contested case hearings, the APA practice and procedures govern.

By the same analysis Moses and Buck are barred from contested case hearings before an administrative law judge under *L.*1985, *c.* 94, because their prison disciplinary sanctions

in fact included loss of less than 365 days' commutation credits. Their remaining contention is that their convictions and sanctions should be vacated because of noncompliance with APA procedural safeguards in their prison disciplinary hearings. They do not dispute that the proceedings against them conformed to Department of Corrections regulations, which were approved in *Avant v. Clifford* but fall short of some of the APA procedural safeguards. According to their argument, *Avant v. Clifford* was repealed legislatively by *L.*1981, *c.* 27; prison disciplinary hearings, like other State agency hearings, became subject to APA procedural requirements.

Appellants' construction of *L.*1985, *c.* 27 is that it deals only with the right to proceed before an administrative law judge and does not supersede what they contend to have been the law since 1981, that is, that the APA applies in all prison disciplinary hearings, whether or not the sanction available includes loss of 365 or more days' commutation credits.

Appellants rely upon *Phillips v. State of New Jersey, Department of Defense,* 98 *N.J.* 235, 252–253 (1985), which held that Department of Defense claims hearings should be assigned to an administrative law judge as contested cases. The Department of Defense had been excepted from the APA definition of State agency as originally enacted; its exemption was removed, as was that of penal and correctional institutions, by *L.*1981, *c.* 27. In so ruling in *Phillips,* the Supreme Court commented that it decided "only the situation with respect to the Department of Defense," not with respect to other State agencies.

The State counterargues before us, relying upon *Beckworth v. New Jersey State Parole Bd.,* 62 *N.J.* 348 (1973), that prison disciplinary proceedings have never been within the definition of contested cases subject to the APA because prisoners who are charged with infractions have no constitutional or statutory right to an adversarial, trial-type hearing. We agree that nothing in the legislative history of the APA, or of its amendment in *L.*1981, *c.* 27, suggests that it was intended to govern

prison disciplinary hearings, which total in the various institutions about 36,000 per year, and to impose procedural requirements broader in some respects than those in the Department of Corrections regulations, which met the approval of the Supreme Court in *Avant v. Clifford.* An evident intent of *L.* 1981, *c.* 27 was to subject penal and correctional institutions, among other agencies, to APA requirements in rule-making. Under the circumstance of full procedural compliance with the departmental regulations in their prison disciplinary hearings, we reject the challenge by Moses and Buck that they were entitled to and deprived of additional APA procedural safeguards.

We hold that Condone and Zeltner have a right to proceed before an administrative law judge in contested case hearings pursuant to *N.J.S.A.* 52:14F–8, as amended by *L.*1985, *c.* 94. We affirm the convictions and sanctions against Moses and Buck. We do not retain jurisdiction.