240 N.J. Super. 156 (1990)
572 A.2d 1174
LEE ROYAL FISHER, PLAINTIFF-APPELLANT,
v.
THOMAS HUNDLEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1990.
Decided April 17, 1990.
*157 Before Judges J.H. COLEMAN, BRODY and MUIR, JR.
Lee Royal Fisher, appellant, filed a letter brief pro se.
*158 Robert J. Del Tufo, Attorney General, attorney for respondent (Mary C. Jacobson, Deputy Attorney General, of counsel; John C. Turi, Deputy Attorney General, on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
A prison inmate appeals from an adverse determination in a disciplinary proceeding. Appellant was found guilty of attempting to introduce CDS into the prison, a violation of N.J.A.C. 10A:4-4.1(a) [*].803/[*].203, and extortion, a violation of N.J.A.C. 10A:4-4.1(a) [*].006. The assistant superintendent of the prison sustained the hearing officer's adjudication. The penalties imposed were 30 days confinement in disciplinary detention, loss of 180 days commutation time, and 365 days confinement in administrative segregation.
Appellant contends that he was unable to defend himself against the charges because the authorities did not disclose any of the evidence, claiming it to be "confidential." The record of the proceedings does not contain a factual description of the evidence on which the hearing officer and the assistant superintendent relied or their evaluation of its worth. Thus appellant was put in the Kafkaesque predicament of having to defend against evidence that was totally undisclosed, and we are unable to review the adjudication because the record is incomplete.
N.J.A.C. 10A:4-9.15 strikes a balance between the need to protect informants from retaliation and the possible unfairness of concealing from an inmate evidence that is used to establish his guilt. Cf. Evid.R. 36 (qualified privilege not to disclose an informer's identity). The regulation reads in its entirety:
(a) A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act.
(b) Evidence relied upon in making a determination shall be specified on the Adjudication Form.
1. In any case in which the Disciplinary Hearing Officer or Adjustment Committee's decision of guilt is based on evidence which includes confidential information, adjudication shall contain:

*159 i. A concise summary of the facts on which the Disciplinary Hearing Officer or Adjustment Committee concluded that the informant was creditable or his or her information reliable; and
ii. The informant's statement (either in writing or as reported) in language that is factual rather than a conclusion, and based on the informant's personal knowledge of the matters contained in such statement.
2. The Disciplinary Hearing Officer or Adjustment Committee is not permitted to disclose the identity of the informant.
The hearing officer's handwritten "summary of testimony or evidence relied on" regarding the CDS charge is:
Inmate did per investigation by Int. Aff. & State Police conspire to introduce C.D.S. into the prison. Conf. repts relied on.
His summary of evidence relied on regarding the extortion charge is:
Inmate by his action and by information supplied by Internal Affairs at T.S.P. did by extortion threatening another person to participate in illegal activities. Reports noted were relied on.
The hearing officer purported to enlarge upon the reasons for not disclosing any of the evidence against appellant in the following handwritten "addendum" to his decision:
As per Internal Affairs of Trenton St. Prison as well as Mr. Beyer Supt. of T.S.P. pertinent facts and specifics were not shared with inmate during the hearing. These charges and the facts revealed by an investigation conducted by both the St. Police & T.S.P. internal affairs are of a confidential and extremely sensitive nature and will be used in future criminal litigation.
This Hearing Officer viewed repts concerning these charges and the facts noted are sensitive and confidential. This Hearing Officer is further satisfied that these facts satisfy the standards on confidential information and further the evidence is substantial.
Appellant assumed from what little he could gather of his situation that he was charged with being part of a conspiracy, given considerable notoriety in the prison, in which several inmates were allegedly extorting a corrections officer to bring CDS into the prison on the threat of exposing his homosexual relations with them. In defense of that supposed charge, appellant submitted affidavits of many inmates attesting to the mutual hostility between appellant and the officer, which he argued was inconsistent with any cooperative illicit enterprise.
In its brief, the State has revealed that the extortion was not directed against the corrections officer, but against "an outside *160 civilian." The State has submitted to us a "Confidential Appendix," which it describes as the "ongoing investigation conducted by the New Jersey State Police and the Internal Affairs Unit of NJSP." The State represents in its brief that "the hearing officer relied upon confidential statements and an Internal Affairs Report" found in the Confidential Appendix. The Confidential Appendix is bulky and contains many documents including a nine-page comprehensive report of Barney M. Dyrnes, Senior Investigator, Internal Affairs Unit, New Jersey State Prison. Aside from its reference to the report, the State has not directed us to the particular documents upon which it claims the hearing officer and the assistant superintendent relied. Inv. Dyrnes's report appears to be dated three days after the date of the hearing officer's adjudication.
Informed by the State's brief that "an outside civilian" was the target of his alleged extortion, appellant filed a reply brief to which he attached a copy of a newspaper article. The clipping describes the contents of an affidavit that Inv. Dyrnes filed in a civil action appellant had commenced in federal court. As reported in the newspaper, the affidavit refers to statements received from an unnamed "outside civilian" which appear to implicate appellant in the offenses for which he has been found guilty in these proceedings. We cannot assume that the press clipping is accurate. It suggests the possibility, however, that much of what the State claims to be highly confidential has been filed in a court proceeding and become a matter of public record.
The assistant superintendent upheld the hearing officer's decision with the following "explanation":
There was compliance with the Department of Corrections Standards on inmate discipline which prescribe procedural safeguards. The decision of the Hearing Officer was based upon substantial evidence.
We are satisfied that the hearing officer did not comply with the procedural safeguards of N.J.A.C. 10A:4-9.15(b)1 that apply when a decision of guilt is based upon confidential information. The officer's adjudication did not contain a "concise *161 summary of facts on which ... [he] concluded that the informant was creditable or his or her information reliable." Nor did it contain the "informant's statement (either in writing or as reported) in language that is factual rather than a conclusion, and based on the informant's personal knowledge of the matters contained in such statement."
Disclosing to an inmate the content of an informer's statement as required by N.J.A.C. 10A:4-9.15(b)1, however, may have the effect of violating N.J.A.C. 10A:4-9.15(b)2, which directs that the hearing officer not disclose the identity of an informant. We therefore hold that to the extent the hearing officer may not safely disclose to the inmate information and findings that the provisions of N.J.A.C. 10A:4-9.15(b)1 require him to specify and make, the officer shall specify that information and make those findings in a separate writing, which shall be made a part of the confidential record. That material shall thereafter be considered by the superintendent or his designee when determining whether concealment was warranted and whether there was "substantial evidence" of the inmate's guilt. N.J.A.C. 10A:4-9.15(a). In the event of an appeal to this court, that material shall be made part of the confidential record on appeal.
The newspaper clipping raises the question of whether there may be new evidence not available to the inmate at the original hearing that may bear on the issue of confidentiality. We note the somewhat comparable exception to the Evid.R. 36 informer-identity privilege where "identity of the person furnishing the information has already been otherwise disclosed...."
Where procedural safeguards have not been followed by a hearing officer or new evidence has been discovered that was not previously available, the superintendent or his designee must order a new hearing pursuant to N.J.A.C. 10A:4-11.5(a)2, which provides:
The Superintendent or his/her designee shall rescind the original decision and order a new hearing if the review and/or investigation indicates that procedural *162 safeguards prescribed for inmate disciplinary hearings were not followed, or if new evidence not available at the original hearing is revealed. If a new hearing is ordered, there shall be no increase in the severity of the sanctions unless new evidence warrants such action.
The superintendent or his designee shall reconsider appellant's initial appeal in light of this opinion.
Remanded for further proceedings consistent herewith. We do not retain jurisdiction.