**Lloyd SIBERT, Plaintiff,**

v.

**John PHELAN, et al., Defendants.**

**Civ. No. 94–566 (WHW).**

United States District Court,
D. New Jersey.

Sept. 21, 1995.

William T. Connell, Dwyer Connell & Lisbona, Montclair, NJ, for Defendants.

Richard M. Fried, Paterson, NJ, for Defendant John Phelan.

James J. Frega, West Paterson, NJ, for Defendant Angel Perales.

Lloyd Sibert, Secaucus, New Jersey, pro se.

## OPINION

WALLS, District Judge.

This matter is before the Court on motion of defendants, Detective John M. Phelan, Detective John M. Contini, Angel Perales and Hector Garcia, for leave to file an Amended Answer and for Summary Judgment.

### STATEMENT OF FACTS

On November 9, 1992, plaintiff Lloyd Sibert was arrested and charged with unlawful possession of narcotics, unlawful possession of a weapon and resisting arrest. Plaintiff alleges that during the arrest, while fleeing from the arresting officers, the defendants, Detective John M. Phelan, Detective John M. Contini, Angel Perales and Hector Garcia, injured him. Specifically, plaintiff contends that the defendants hit him with an unmarked police car which rendered him un-

conscious, and that defendant Perales struck the back of his legs with a flash light. Plaintiff further alleges that the defendants provided false statements in the police report, and that they threatened to break his legs if he said anything about the incident.

The defendants maintain that plaintiff's injuries were sustained when he ran into a full 55 gallon garbage drum, and deny that they hit him with a car and that defendant Perales struck him with a flashlight. `

On October 26 and 27, 1993, plaintiff was tried in Passaic County Superior Court and convicted of illegally possessing narcotics and of illegally possessing a weapon. His conviction was affirmed by the New Jersey Superior Court, Appellate Division. At trial, plaintiff had sought to suppress evidence of the narcotics and the weapon obtained during his arrest as illegally obtained. The Court ruled that the evidence was admissible as the product of a search incident to a lawful arrest.

Plaintiff filed the current action for injuries he sustained during his arrest on February 4, 1994 under 42 U.S.C. § 1983. On March 9, 1995, Magistrate Judge Pisano entered a discovery order compelling plaintiff to serve answers to interrogatories by April 15, 1995 and to appear for a deposition on April 17, 1995. During defendant's scheduled deposition of plaintiff, plaintiff discontinued the questioning prematurely and refused to answer any further questions. Also, plaintiff has not served answers to the defendants' interrogatories.

Defendants now move for leave to amend their Answer and for Summary Judgment.

### DISCUSSION

Defendants seek dismissal of plaintiff's suit on essentially two grounds. First, that the doctrines of claim and issue preclusion prevent this court from entertaining this action because the issues at stake either should have been, or were finally determined in plaintiff's criminal trial; and second, that plaintiff's failure to comply with the Court's Order compelling him to serve Answers to Interrogatories, as well as his failure to comply fully with defendants request to depose him require that this case be dismissed pursuant to Fed.R.Civ.P. 37(d). Because the Court holds that the essential issue in this case has already been litigated and grants defendants' motion for summary judgment, the Court need not address defendants' second argument for dismissal.

Defendants did not include in their answer the defenses of claim or issue preclusion, and thus move to amend their complaint to include these defenses. Defendants move to dismiss on these grounds, presumably pursuant to Fed.R.Civ.P. 12(b), assuming that the motion to amend is granted, or alternatively move for summary judgment pursuant to Fed.R.Civ.P. 56. While technically a defendant should assert claim and issue preclusion as defenses in the Answer as a precursor to a motion to dismiss, Fed.R.Civ.P. 8(c), the Third Circuit does not follow this rule, and instead permits affirmative defenses to be raised for the first time in a motion to dismiss the complaint, *Williams v. Murdoch*, 330 F.2d 745 (3d Cir.1964) or in a motion for summary judgment. *Hartmann v. Time, Inc.*, 166 F.2d 127, 131 (3d Cir.), *cert.* denied, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (1947). Thus this Court need not decide whether to grant defendants' motion to amend their complaint since the merits of their motion to dismiss, or alternatively the motion for summary judgment, may be decided with the Answer in its current form. The defendants' motion will be analyzed by the Court as a motion for summary judgment because the Court has examined the affidavits submitted as well as other supporting documentation.

### A. Summary Judgment Standard

Summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). An issue of material fact is 'genuine' "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, preclusion arguments are appropriate for resolution on

motions for summary judgment. *Rodziewicz v. Beyer,* 809 F.Supp. 1164 (D.N.J.1992).

## B. Preclusion

■ Claim and issue preclusion serve similar purposes; both prevent litigation over issues that should have been or were actually decided in a prior suit in order to foster "judicial economy, predictability and freedom from harassment" for litigants. *Electro–Miniatures Corp. v. Wendon Co.,* 889 F.2d 41, 44 (3d Cir.1989). Courts must apply the preclusion law of the jurisdiction where the first judgment was entered. *Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 124 N.J. 398, 411, 591 A.2d 592, 598 (1991). Because the plaintiff's criminal trial occurred in Passaic County Superior Court, New Jersey, New Jersey law applies to the present inquiry. Furthermore, federal court's must accord preclusive effect to state court judgments. *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

### 1. Claim Preclusion

■ Claim preclusion, or res judicata, will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action must arise from the same transaction or occurrence as the claims in the first one. *Untracht v. West Jersey Health System,* 803 F.Supp. 978, 982 (D.N.J.1992); *Watkins,* 124 N.J. at 412, 591 A.2d 592. In addition, res judicata bars not only claims that were brought in the first action, but also claims that should have been brought as well. *Id.* at 412–13, 591 A.2d 592.

■ Defendants' motion for summary judgment on res judicata grounds is denied. Res judicata simply does not apply when the first action is criminal and the second action is civil. *See, e.g., Hernandez v. City of Los Angeles,* 624 F.2d 935, 937 (9th Cir.1980); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4474. It is manifest that a defendant may not assert a civil counterclaim in the context of a criminal proceeding—therefore Mr. Sibert had no opportunity to raise his claim in the prior proceeding.

### 2. Issue Preclusion

■ Defendants' also contend that the doctrine of issue preclusion, or collateral estoppel bars the present suit. Issue preclusion "proscribes relitigation when the identical issue already has been fully litigated," and will apply where "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." *Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra,* 983 F.2d 495, 505 (3d Cir.1992). In addition, the issue upon which preclusion is sought must have been "distinctly put in issue and directly determined adversely to the party against which estoppel is asserted." *Wheeler v. Nieves,* 762 F.Supp. 617 (D.N.J.1991) (quoting *New Jersey–Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education,* 654 F.2d 868, 876 (3d Cir.1981)). Lastly, issue preclusion does apply "in cases in which a convicted defendant sues the government on a claim that is inconsistent with facts established by the conviction." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4474; *see, e.g., Willard v. U.S.,* 422 F.2d 810, 811–12 (5th Cir.), *cert. denied,* 398 U.S. 913, 90 S.Ct. 1714, 26 L.Ed.2d 76 (1970).

■ Defendants' issue preclusion claim is granted. While defendants do not identify with particularity which issue is allegedly precluded, it would seem that they are claiming that Mr. Sibert's version of the facts in the present suit were necessarily rejected in the prior criminal conviction. Indeed, "[i]n the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." *Wheeler,* 762 F.Supp. at 626.

First, the identical issue had been decided in the previous action. During the course of

the criminal trial, Mr. Sibert sought to suppress evidence of the drugs and the weapon seized during his arrest. By doing so he affirmatively put into issue the essential facts of the present inquiry—namely the conduct of the police at the time of his arrest. Moreover, the Judge, after hearing testimony from both sides, found the Police's version to be credible and therefore ruled that the evidence should be admitted. Def.Ex.B. p. 79. Thus, Mr. Sibert has already asserted his claims before a judge, who rejected them as completely without merit. Issue preclusion is especially appropriate in this case for the fundamental factual issue, which is a predicate to any theory of recovery possible, boils down to a battle of credibility—Mr. Sibert asserts that the police abused him whereas the police contend that Mr. Sibert's version of his arrest is false and inaccurate. Judge Hull in the criminal trial, after hearing the testimony of both sides, said: "if I were called upon to assess credibility and use a scale of one to ten in this case, the score is [Detective] Contini ten, Sibert zero." Def. Ex.B. p. 79. The Court is mindful that if the present case were to go to trial Mr. Sibert would have the opportunity to present his case before a jury, whereas the suppression motion in the criminal trial was before a judge. However, this has never been a bar to the assertion of issue preclusion. More relevant is that the standard of proof during the suppression hearing and during a trial of this case on the merits would be the same— namely preponderance of the evidence.

Alternately, the factual issues in dispute herein are precluded from relitigation because during the trial itself, Detective Contini testified as to circumstances surrounding Mr. Sibert's arrest. However, Mr. Sibert chose to call no witnesses to challenge Detective Contini's account, nor did he testify on his own behalf. Exh. C, T.69 L. 3–17, T.71 L.13–25, T.72 L.1–2. The failure of a criminal defendant to refute facts pertinent to the prosecution's case or to establish facts relevant to an available defense, even if the defendant chooses not to take the stand at trial, will preclude relitigation of those facts in subsequent civil proceedings. *See, e.g., Teitelbaum Furs, Inc. v. Dominion Ins. Co.,* 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439,

*cert. denied,* 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1962) ("[The Defendant's] error, if any, in trial strategy would no more defeat the plea of collateral estoppel than the failure of a litigant to introduce relevant available evidence in any other situation"). Thus the fact issue of what occurred during Mr. Sibert's arrest was heard and decided by a jury, who found Mr. Sibert guilty based upon the higher criminal standard of proof beyond a reasonable doubt. Mr. Sibert never challenged Det. Contini's version of the facts on appeal, and the Appellate Division affirmed. *See State v. Sibert,* No. A–3082–93T4, (App.Div., April 17, 1995).

Secondly, there was a final judgment on the merits. Mr. Sibert appealed his conviction, and that conviction was affirmed. Moreover, a final judgment for purposes of issue preclusion exists because Mr. Sibert did not appeal on the grounds that the evidence seized from his person was impermissably admitted at trial (i.e. Judge Hull ruled incorrectly during the suppression hearing); Mr. Sibert has thus waived that argument and is bound by the trial court's ruling. Alternately, these issues were presented at trial and Mr. Sibert chose not to refute Detective Contini's version of the arrest. Again, the affirmance of the conviction by the Appellate Division is sufficient to constitute a final judgment on the merits on this issue.

The third element is met since the party against whom preclusion is sought, here Mr. Sibert, was an actual party in the previous action.

The fourth is also met because Mr. Sibert had a full and fair opportunity to present his claim. He raised the issues asserted herein by moving to suppress the evidence seized from his person during the criminal action. Also, he had an opportunity to challenge Detective Contini's testimony at trial but did not call any witnesses nor did he testify on his own behalf. In both instances he had a sufficient motive to prosecute his claim zealously "given the risk he faced of losing his freedom" if he were ultimately found guilty at trial. *Wheeler v. Nieves,* 762 F.Supp. 617, 626 (D.N.J.1991). There was also sufficient

incentive for him to raise these arguments on appeal, which he failed to do.

Because the fundamental factual issue has already been fully and fairly decided during Mr. Sibert's criminal trial, there are no issues of material fact remaining to be tried and defendants' are entitled to judgment as a matter of law.

### CONCLUSION

For the reasons stated in this Court's Opinion; it is on this 21st day of September, 1995;

ORDERED that defendants' motion for summary judgment be and hereby is **granted.**

**SO ORDERED.**