**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0618-16T2

SHAMSIDDIN ABDUR-
RAHEEM,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 25, 2018 – Decided June 5, 2019

Before Judges Simonelli and O'Connor.

On appeal from the New Jersey Department of Corrections.

Shamsiddin Abdur-Raheem, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Shamsiddin Abdur-Raheem appeals from the September 6, 2016 final agency decision of respondent New Jersey Department of Corrections (DOC), which affirmed a hearing officer's decision finding appellant guilty of and imposing disciplinary sanctions for prohibited act *.202, possession or introduction of a sharpened instrument, knife, unauthorized tool, or other weapon, in violation of N.J.A.C. 10A:4-4.1(a)(1)(x). We vacate the final decision and remand for a new hearing.

Appellant, presently incarcerated in the New Jersey State Prison in Trenton, is serving a life sentence for murder and kidnapping. On June 8, 2016, Corrections Officer Recruit Kevin Fanning found in appellant's cell a "sharpened piece of metal approximately 6 inches in length wrapped in cloth wedged behind the sink between a piece of folded cardboard." Fanning maintained the search was routine and not targeted.

Appellant was charged with prohibited act *.202 and, at the initial hearing, pled not guilty, and requested and was granted counsel substitute. Before the final hearing, appellant unsuccessfully sought certain discovery from the DOC. Appellant's request that the hearing officer recuse herself because appellant had served her with a Tort Claims Act notice of claim pursuant to N.J.S.A. 59:8-8 in May 2016 was denied.

On June 29, 2016, appellant was found guilty of *.202 at the conclusion of the final hearing, and sanctioned to 365 days of administrative segregation, 365 days' loss of commutation time, and 30 days' loss of recreational privileges. He appealed the hearing officer's decision claiming, among other things, that he discovered new evidence. He detailed the nature of such evidence in a certification submitted in support of his administrative appeal.

Specifically, appellant certified that on July 2, 2016, another inmate, Antoine Simmons, told appellant that Simmons had an argument with Corrections Officer Marcus Sherrod on June 29, 2016. During that argument, Sherrod told Simmons that if Simmons continued to complain, Sherrod was going to put a shank in Simmons' cell "just like '10 cell.'" Appellant was in cell #10 at that time. Appellant also certified that, on June 2, 2016, he had submitted a complaint against Sherrod. Appellant further noted his defense of prohibited act *.202 was that Sherrod had instructed Fanning to plant the shank in appellant's cell, in retaliation for submitting the complaint against Sherrod.

Also attached to the documents appellant submitted in support of his administrative appeal was a certification executed by Simmons. In his certification, Simmons stated in pertinent part:

> 1. That on numerous occasions Sgts. R. Defazio, Sean Patterson and Robert Delarosa have threatened me

stating that if I keep writing up inquiries, grievances and appeals like [appellant's], we will put a knife in your cell. Also, I wrote up exactly what they said on June 29, 2016 right after officer Marcus Sherrod came to my cell at 8:49 [a.m.] when he stated keep it up you will be in the same position as cell #10, [appellant's] cell, on June 8, 2016 . . . .

5. I have personally witnessed these corrections staff admit to and brag about placing a weapon in [appellant's] cell.

In his appeal, appellant argued he was entitled to a new hearing based on the newly discovered evidence. However, the prison administrator affirmed the hearing officer's decision and sanctions. The administrator did not address the evidence appellant discovered after the final hearing.

On appeal, appellant raises a number of contentions, one of which is he is entitled to a new hearing because of the newly discovered evidence. We agree.

Our review of agency determinations is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We will not reverse the decision of an administrative agency unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Ibid. (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). Nonetheless, we must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super. 197,

204 (App. Div. 2000) (quoting <u>Mayflower Sec. Co. v. Bureau of Sec., Div. of Consumer Affairs</u>, 64 N.J. 85, 93 (1973)). Moreover, "[a]n appellate tribunal is . . . in no way bound by the agency's . . . determination of a strictly legal issue." <u>Mayflower Sec. Co.</u>, 64 N.J. at 93. Thus, we may intervene when an agency does not follow the law. <u>See</u> <u>Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, 143 N.J. 22, 25 (1995).

Here, the administrator of the prison did not adhere to N.J.A.C. 10A:4-11.5(a)(2), which provides in pertinent part:

> (a) At the conclusion of the Administrator's or designee's review of an appeal, one of the following actions shall be taken:
>
> . . . .
>
> 2. The Administrator or designee shall rescind the original decision and order a new hearing if the review and/or investigation indicates that . . . new evidence not available at the original hearing is revealed. If a new hearing is ordered, there shall be no increase in the severity of the sanctions unless new evidence warrants such action.

In the documents submitted in support of his administrative appeal, appellant provided new evidence, principally on the question of credibility, the details of which were set forth in his and Simmons' certifications. Such evidence was not available at the time of the final hearing. Therefore, the administrator

was obligated to rescind the hearing officer's decision and order a new hearing. N.J.A.C. 10A:4-11.5(a)(2); see also Fisher v. Hundley, 240 N.J. Super. 156, 161-62 (App. Div. 1990) ("Where . . . new evidence has been discovered that was not previously available, the superintendent or his designee must order a new hearing pursuant to N.J.A.C. 10A:4-11.5(a)(2)[.]"). Because the administrator failed to rescind the hearing officer's decision, we must vacate the final decision and remand for a new hearing. In light of our disposition, we need not address appellant's remaining arguments.

The final agency decision is vacated and the matter remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0618-16T2